JOSEPH  EUGENE  DAVIS  v.  SANFORD  CONSTRUCTION  COMPANY,
INC.  AND  HARTFORD  ACCIDENT  AND  INDEMNITY  COMPANY.

(Filed  29  October,  1958.)

**Master and Servant § 40j—**

Evidence *held* sufficient to support the finding of Industrial Commission that claimant had suffered a facial disfigurement sufficient to adversely affect claimant's appearance to such extent that it may be reasonably presumed to lessen his opportunity for remunerative employment, and award of compensation therefor is upheld. G.S. 97-31(v).

PARKER, J., not sitting.

APPEAL by defendants from *Gwyn, J.,* May 26, 1958 Civil Term of FORSYTH.

Plaintiff, an employee of Sanford Construction Company, sustained an injury resulting in the loss of two teeth. Plaintiff's right to compensation for disfigurement resulting from the loss of his teeth was considered on a prior appeal, *Davis v. Construction Co.,* 247 N.C. 332.

It was there held that an award could not be made under G.S. 97-31(w) for bodily disfigurement, but, if the evidence established a compensable facial disfigurement, an award could be made under G.S. 97-31(v). The cause was accordingly remanded "for further consideration consistent with the applicable law."

On the remand the Commission, in March 1958, vacated its previous finding of fact #3 (See 247 N.C. p. 333) and substituted therefor this finding:

"3. That plaintiff has suffered serious facial or head disfigurement for which compensation is allowable under the provisions of G.S. 97-31(v); that proper and equitable compensation therefor is $450.00."

Based on the new finding the Commission concluded that plaintiff was entitled to compensation. It made an award in his favor. The finding and award were affirmed by the Superior Court. Defendants appeal from the judgment of the Superior Court.

*Leake and Phillips for plaintiff, appellee.*
*Adams, Kleemeier & Hogan for defendant appellants.*

PER CURIAM. Defendants recognize that the weight of the evidence is for the Commission, and findings of fact made by the Commission are conclusive when supported by any evidence. Their appeal is based on the contention that there is no evidence to show a disfigurement sufficient to adversely affect the appearance of plaintiff to such an extent that it may be reasonably presumed to lessen his opportunity for remunerative employment.

The hearing Commissioner saw and observed plaintiff when he testified. Pictures of plaintiff made before and after the injury were in evidence and before the full Commission when it made its findings of fact. The evidence available to the Commission was sufficient for it to find a facial disfigurement sufficient to reasonably lessen plaintiff's opportunity for remunerative employment. We interpret the finding made by the Commission to have that meaning although not expressed in those words.

Affirmed.

PARKER, J., not sitting.